IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARROLL GREGG,<br>Petitioner, | )<br>)<br>) | |
| vs. | ) | Civil Action No. 13-516 |
| MARIROSA LAMAS, Superintendent for<br>the State Correctional Institution at<br>Rockview, et al.,<br>Respondents. | )<br>)<br>)<br>)<br>) | |

## MEMORANDUM ORDER

On April 10, 2013, Petitioner, Darroll Gregg, by his counsel, filed a petition for writ of habeas corpus in which he raised one claim, namely the alleged ineffectiveness of his trial counsel to subpoena one known alibi witness and to investigate another alibi witness (ECF No. 1 § III). On September 11, 2013, a Report and Recommendation was filed by the United States Magistrate Judge which recommended that the petition be dismissed and granted the parties a period of time after being served with a copy to file written objections thereto. On September 25, 2013, Petitioner filed objections (ECF No. 12) to the Report and Recommendation, in which he appears to be presenting an additional claim of actual innocence which was not presented in the petition.

Several courts of appeals have held that "an unsuccessful party is not entitled as of right to de novo review by the [district] judge of an argument never seasonably raised before the magistrate [judge]." Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co, 840 F.2d 985, 990-91 (1st Cir. 1988). See also Madol v. Dan Nelson Auto Group, 372 F.3d 997, 1000 (8th Cir. 2004); Walker v. Stinson, 205 F.3d 1327 (2d Cir. 2000); Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000); Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996); Cupit v. Whitley, 28 F.3d 532, 535 & n.5 (5th Cir. 1994). But see United States v. George, 971 F.2d 1113, 1118 (4th Cir. 1992) (district court must consider all arguments, regardless of whether they were raised before the magistrate

judge). Other courts have held that the district court has discretion to consider arguments raised for the first time. See Williams v. McNeil, 557 F.3d 1287, 1292 (1th Cir. 2009); United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000).

Upon close review, however, it would appear that Petitioner is not raising an independent claim of actual innocence but is rather raising innocence as a "gateway" to permit the Court to address an otherwise procedurally barred issue. He cites McQuiggin v. Perkins, 133 S.Ct. 1924, 1928 (2013), in which the Supreme Court recently held that actual innocence, if proved, serves as a gateway through which a petitioner may pass when he would otherwise be barred by the expiration of the statute of limitations. The argument is irrelevant in this case, however, because the Report and Recommendation never concluded that Petitioner's claim herein (the ineffectiveness of trial counsel) was barred and in fact reached the merits of this claim.

AND NOW, this 31st day of October, 2013,

IT IS ORDERED that the petition for a writ of habeas corpus filed by petitioner Darroll Gregg (ECF No. 1) is dismissed and, because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is denied. The Report and Recommendation filed by Magistrate Judge Mitchell on September 11, 2013 (ECF No. 11) is adopted as the opinion of the Court, as modified herein.

IT IS FURTHER ORDERED that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure if the petitioner desires to appeal from this Order he must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P.

Mark R. Hornak
United States District Judge